IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1998 SESSION

**FILED**

October 30, 1998

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9802-CC-00065 |
| | ) | |
| | ) | Cannon County |
| v. | ) | |
| | ) | Honorable Don Ash, Judge |
| | ) | |
| THOMAS MICHAEL DAVENPORT, | ) | (Revocation of Suspended Sentence) |
| | ) | |
| Appellant. | | |

## DISSENTING OPINION

I respectfully dissent. I believe that in State v. Wade, 863 S.W.2d 406 (Tenn. 1993), our supreme court provided under state constitutional due process more stringent standards for revocation hearings based upon positive drug test results than were followed in this case. In Wade, the court stated that minimal due process requirements under Article I, Section 9, of the Tennessee Constitution for such probation revocation proceedings include the probationer's right to confront and cross-examine adverse witnesses unless (1) good cause for not allowing confrontation is shown and (2) evidence is presented reflecting that the report is reliable. 863 S.W.2d at 409-10. In terms of reliability, the court stated that the report at issue in Wade did not indicate the method of testing, the name of the technician, or the fact that the test was made in conformity with established and reliable procedures. Id.

I believe that the person contemplated by our supreme court in Wade as the "adverse witness" is the person who actually conducted the tests and obtained the results or a witness thereto. Only such a witness, not one who only reviews documents and instrument readings after the fact, is in a position to testify from first-hand

knowledge as to the actual procedures followed and operations of the instruments that are the key to the drug identification process.

In the present case, no explanation exists in the record to show good cause why the person who conducted the drug tests was not required to be confronted and cross-examined regarding the test results. In my view, the appearance of a "certifying scientist" whose knowledge of the matter came from a review of documents provided to him by the actual testing technician and others does not suffice under Wade. Therefore, I would vacate the order of revocation.

_____

Joseph M. Tipton, Judge